FRANCISCA TORRES ARCHILLA, demandante y apelante, *v.*
FRANCISCO ARCHILLA PIÑEIRO, demandado y apelado.

No. 3871.—*Visto:* Diciembre 22, 1926.   *Resuelto:* Mayo 18, 1927.

DIVORCIO—DE LAS CAUSAS DEL DIVORCIO—CONDENA DE UN CONYUGE POR DELITO
   GRAVE—CONDENA DE PRESIDIO TEMPORAL.—La condena de presidio temporal
   es causa de divorcio de acuerdo con el inciso 2 del artículo 164 del Código
   Civil Revisado, pues lleva aparejada la pérdida de los derechos civiles del
   sentenciado durante el tiempo que dure la prisión.

SENTENCIA de *Pablo Berga,* J. (San Juan), sobre excepción previa
   por no ser susceptible de enmienda la demanda, sin costas.   *Revo-
   cada,* y devuelto el caso para ulteriores procedimientos.

*Félix Ochoteco Jr. y Luis E. Dubón,* abogados de la apelante;  *R.
   Martínez Alvarez y J. Pedro Miranda,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Francisca Torres Archilla entabló demanda de divorcio
contra su esposo Francisco Archilla Piñeiro, alegando como
única causa el haber sido su esposo condenado a cinco años
de presidio como autor de un delito de mutilación y comen-
zado a cumplir la condena.

El demandado, por medio de un tutor nombrádole al efecto
por la corte, alegó que la demanda no aducía hechos suficien-
tes para determinar una causa de acción.   Resolvió de con-
formidad la corte y estimando que la demanda no era suscep-
tible de enmienda dictó sentencia declarándola sin lugar.   No
conforme la demandante interpuso el presente recurso de ape-
lación.

La única cuestión a estudiar y a resolver es la de fijar el
alcance del artículo 164 No. 2 del Código Civil Revisado, que
copiado a la letra en lo pertinente, dice:

"Artículo 164.   Las causas de divorcio son: ....2. La condena
de uno de los cónyuges por delito grave que .lleve aparejada la
pérdida de los derechos civiles. . . ."

Que el esposo fué condenado como autor de un delito grave
es evidente.   La cuestión es si puede concluirse o no que la

condena llevó "aparejada la pérdida de los derechos civiles" del mismo.

El artículo 20 del Código Penal, ordena que:

"Toda sentencia de presidio temporal lleva aparejada la suspensión de los derechos civiles del sentenciado...."

La pena a que fué condenado el demandado debe calificarse de presidio temporal. Lleva, por tanto, aparejada la suspensión de los derechos civiles.

¿Puede equipararse la suspensión a la pérdida?

"Pérdida", dicen los Diccionarios significa, "carencia, privación de lo que se poseía". "Suspensión", según la misma autoridad, es "acción y efecto de suspender", siendo uno de los significados de suspender, "detener o parar por algún tiempo."

Siendo ello así, hay que convenir que la suspensión envuelve una pérdida temporal y como la ley no distingue entre pérdida temporal o perpetua, debe concluirse que se refirió a cualquier pérdida.

A ello nos lleva además la historia del precepto legal que interpretamos. El artículo 164 del Código Civil revisado equivale al 105 del antiguo. Entre las causas determinantes del divorcio, que sólo producía anteriormente "la suspensión de la vida común de los casados", estaba la del número 6 del dicho artículo 105 que se expresaba en estos términos: "la condena del cónyuge a cadena o reclusión perpetua". Si la intención del legislador hubiera sido exigir la pérdida total de los derechos civiles, hubiera conservado la redacción del código antiguo que de manera tan cabal expresa dicha idea. Al no hacerlo así, debe concluirse que su intención fué darle otro alcance a la causa.

Lo más probable es que el legislador puertorriqueño que siguió el pensamiento americano al reformar como reformó fundamentalmente el divorcio, extendiendo sus efectos hasta "la ruptura completa del vínculo matrimonial", siguió también dicho pensamiento al fijar las causas determinantes del

·mismo, y sabido es que "por las leyes de muchos de los estados de la Unión una condena por delito grave o crimen infamante, o prisión por cierto número de años en el presidio, es base para el divorcio, y el derecho así otorgado no es afectado por el perdón que pueda otorgar el ejecutivo después que la sentencia ha sido dictada.'' 19 C. J. 42.

Por virtud de todo lo expuesto *se revoca la sentencia apelada* y se devuelve el caso para ulteriores procedimientos no inconsistentes con esta opinión.