Comisión Hípica Insular de Puerto Rico, compuesta de Edmund Stevens, Presidente, Enrique Gatell, José Dávila Ricci, Joaquín A. Burset y Luis Recchani Agrait, peticionaria, *v.* La Corte de Distrito de Bayamón, Hon. Luis Samalea, Juez, demandada.

No. 1010.—*Sometido:* Febrero 25, 1935. *Resuelto:* Marzo 26, 1935.

*Diego O. Marrero,* abogado de la peticionaria; *A. Lastra Charriez y J. Valldejuli Rodríguez,* abogados del interventor.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

A instancia de la Comisión Hípica Insular de Puerto Rico libramos este auto de *certiorari* a la Corte de Distrito de Bayamón por alegarse que dicho tribunal está conociendo sin jurisdicción de una apelación que interpuso Félix Álvarez contra una resolución de dicha Comisión Hípica que prohibe a la yegua de carreras Júdex que corra en los hipódromos de esta Isla durante un año.

El jurado del hipódromo Quintana Racing Park acordó imponer a la yegua Júdex un año de suspensión. Félix Álvarez, que es el dueño de ese animal, apeló de esa resolución para ante la Comisión Hípica Insular de Puerto Rico la cual, después de ciertos trámites, confirmó la resolución apelada. Contra esa resolución de dicha Comisión interpuso Félix Ál-

varez recurso de apelación para ante la Corte de Distrito de Bayamón. En ésta compareció dicha Comisión con solicitud de que la corte desestimase tal apelación por no tener jurisdicción para conocer de ella. Antes de ser resuelta esa solicitud pidió Álvarez a la corte que decretase la suspensión del castigo impuesto a la yegua Júdex mientras se substancie la apelación que tiene establecida. A esa solicitud accedió la corte de distrito, previa prestación de una fianza. Solicitó la Comisión que la corte anulara esa resolución, pero la corte de distrito declaró sin lugar esa solicitud y también la otra en que la Comisión interesó que desestimase la apelación interpuesta ante dicha corte por carecer ésta de jurisdicción para resolverla. La corte se declaró con jurisdicción y la Comisión solicitó luego que reconsiderase su resolución, pero habiendo sido negada esa solicitud interpuso este recurso de *certiorari*.

En una declaración jurada que Félix Álvarez prestó ante la Comisión Hípica en este caso manifestó ser el dueño de la yegua Júdex, que tiene una caballeriza y que tiene ocho caballos de su propiedad.

██ La única cuestión a resolver en este recurso es si la resolución de la Comisión Hípica que confirmó el castigo impuesto a la yegua Judex es apelable para ante la corte de distrito, pues si no lo es carecerá dicho tribunal de jurisdicción para conocer de esa apelación y también, en consecuencia, para haber decretado la suspensión de la resolución que fué apelada.

La Ley Hípica de Puerto Rico vigente, que es la número 11 de las de 1932, página 195 y siguientes de las de ese año, dispone en su artículo 13 que para poder correr un caballo en los hipódromos de esta Isla deberá estar inscrito en un registro de caballos (*studbook*) que ha de llevar la Comisión Hípica y que su dueño deberá obtener una licencia para correrlo. Esa ley también dispone lo siguiente:

"Artículo 18.—El jurado es el encargado de velar en los días de carreras por el cumplimiento de la ley y el reglamento de la Comisión

Hípica Insular para el funcionamiento de las carreras. Las decisiones del jurado serán firmes e inapelables, excepto en los casos en que su decisión imponga un correctivo mayor de tres meses de suspensión o cien dólares de multa, en los cuales podrá apelarse para ante la Comisión Hípica Insular, la cual tendrá obligación de resolver la apelación dentro del término improrrogable de diez días y cuyo fallo será definitivo e inapelable, salvo lo que dispone el artículo 7 de esta ley. . .''

''Artículo 7.—La Comisión Hípica Insular, podrá, por justa causa, previa audiencia de partes y oportunidad de defenderse, suspender temporalmente o cancelar la licencia de cualquier hipódromo, dueño de caballos, *jockey, trainer* o cuadrero; *Disponiéndose,* que cualquier resolución de la Comisión Hípica Insular cancelando cualquiera de dichas licencias, será apelable para ante la corte de distrito del lugar donde resida el apelante; la apelación no suspenderá los efectos de la resolución apelada a menos que la corte de distrito ante la cual se hubiere establecido apelación dictare, previa prestación de fianza, un auto de *supersedeas.* . .''

De acuerdo con esos preceptos y toda vez que el jurado del hipódromo Quintana Racing Park le impuso a la yegua Júdex como correctivo más de tres meses de suspensión, el dueño de ella, Félix Álvarez, podía apelar y apeló de esa resolución para ante la Comisión Hípica, siendo el fallo de ésta en tal caso definitivo e inapelable, a menos que por su resolución cancele la licencia de cualquier hipódromo, dueño de caballos, *jockey, trainer* o cuadrero.

La resolución de la Comisión Hípica Insular que fué apelada a la Corte de Distrito de Bayamón es una prohibición de que la yegua Júdex pueda correr en los hipódromos de esta Isla durante cierto tiempo; pero aunque esto equivalga a una suspensión de la licencia que tiene su dueño para hacerla correr, siempre resultaría una suspensión temporal de tal licencia y no una cancelación de la misma que le prohiba definitivamente que corra dicha yegua. Una suspensión de un derecho es menos que una cancelación del mismo pues por aquélla el derecho queda sin efecto por determinado tiempo,

mientras que la cancelación borra y destruye definitivamente tal derecho. La resolución de la Comisión Hípica suspende la licencia de Félix Álvarez por cierto tiempo en cuanto a la yegua Júdex pero no la cancela para siempre. Él puede hacer correr los otros animales que tenga y también la yegua Júdex cuando pase el año de suspensión. En el caso de *Arana* v. *Comisión Hípica Insular*, 35 D.P.R. 745, se decretó por la Comisión Hípica Insular la expulsión de un caballo de carrera y su eliminación del libro registro (*studbook*) mientras que en el presente caso no existe tal expulsión y eliminación sino una suspensión temporal, por lo que la declaración que entonces hicimos de que el expulsar un caballo o tachar su nombre del *studbook* equivale en ese sentido a revocarle la licencia al dueño, no es aplicable al caso que decidimos ahora. Tampoco es de aplicación el caso de *Torres Archilla* v. *Archilla*, 36 D.P.R. 771, que se refiere a un divorcio por haber sido condenado el esposo demandado a cinco años de presidio, pues, aparte de que establece una diferencia entre suspensión temporal y pérdida de derechos civiles, su conclusión fué que la ley no distinguía para el divorcio por ese motivo entre suspensión temporal y pérdida perpetua de derechos civiles. No se trata, pues, de una cancelación de su licencia por lo que la resolución de la Comisión Hípica no es apelable para ante la corte de distrito, ya que la ley autoriza tal apelación solamente en caso de cancelación de su licencia para correr sus caballos. *Por consiguiente, la Corte de Distrito de Bayamón carece de jurisdicción para conocer de tal apelación y también para haber decretado la suspensión de dicha resolución, por lo que todos los procedimientos habidos en esa apelación ante la Corte de Distrito de Bayamón deben ser anulados.*